### CITY OF BEAUMONT v. NIGHT et al.
### No. 3823.

Court of Civil Appeals of Texas. Beaumont.

Oct. 24, 1940.

S. P. Dunn, Asst. City Atty., and E. B. Votaw, City Atty., both of Beaumont, for appellant.

Howth & Cruse, of Beaumont, for appellees.

WALKER, Chief Justice.

This is a suit by appellee, Sarah Night, joined by her husband, Sam Night, against the City of Beaumont and C. J. Strack, its assessor and collector of taxes, to enjoin the City of Beaumont from collecting taxes on certain property described in the petition at an assessed valuation in excess of $12,000. It is not necessary to give the allegations of the petition upon which appellees prayed for relief on the final judgment. We give the prayer: "Wherefore, plaintiff prays the court issue its temporary mandatory injunction requiring defendant to accept taxes on a value of $12,000.00 on said property, and in the alternative, that defendant be temporarily restrained from collecting by suit or otherwise taxes on a value in excess of $12,000.00 and from imposing penalties and interest and on hearing plaintiff prays that said injunction be in all things made permanent, for cost of suit and for such other relief, general and special, to which she may be entitled in law or equity."

On the petition, one of the judges of the district court of Jefferson county entered the following order: "The foregoing petition having been presented and considered, and it appearing that the plaintiff is entitled to the relief sought, the clerk of the

District Court is directed to issue to C. J. Strack in his capacity of Tax Assessor and Collector of the City of Beaumont, a notice commanding the said C. J. Strack to appear in the 60th District Court at Beaumont, Texas on the 27th day of September at 10 o'clock, then and there to show cause why the restraining order prayed for should not be granted." Notice issued to C. J. Strack in his capacity of tax assessor and collector of the City of Beaumont, served on September 11, 1940, commanding him to appear at the time and place designated in the order to "answer said Application, showing cause, if any you can, why same should not be granted." No order was made directing that notice issue and be served on the City of Beaumont, and no notice was served on the City of Beaumont. Neither Mr. Strack nor the City of Beaumont filed an answer to the order to show cause.

The following order was made on the order to show cause, as served on C. J. Strack: "On this the 27th day of September, 1940, came on to be heard the plaintiff's application for a temporary injunction enjoining and restraining the City of Beaumont from suing for and collecting taxes from the plaintiff on the following described property located in the City of Beaumont:" After giving a description of the property in controversy, the order proceeded as follows:

"* * * and the court, after having heard the pleading and the evidence and the argument of counsel, is of the opinion that the plaintiff is entitled to an injunction enjoining and restraining the City of Beaumont from suing and collecting taxes on said property for the year 1940 in excess of Twelve Thousand ($12,000.00) Dollars.

"It is therefore the order, judgment and decree of the court that the City of Beaumont and its Tax Assessor and Collector, C. J. Strack, be and are hereby enjoined and restrained from bringing suit against the plaintiff or otherwise attempting to collect taxes for the year 1940 on the above described property located in the City of Beaumont, in excess of $12,000.00 valuation thereon conditioned that the said plaintiffs deliver to the Clerk of this court a bond in the sum of Four Hundred ($400.-00) Dollars conditioned as required by law with the sureties being approved by the clerk; and it is the further order of the court that the Clerk of this court issue said temporary Writ of Injunction as provided herein."

## Opinion.

The judge committed error in the following respects in granting the temporary writ of injunction:

■ (1) No necessity for the temporary writ was alleged, and the facts alleged denied the necessity. The taxes in issue do not become delinquent prior to February 1, 1941. That fact denies the right to the writ enjoining the City of Beaumont from filing suit at this time.

■ (2) Appellees plead only legal conclusions as a basis for their writ. As to the City of Beaumont, the temporary injunction was ex parte and must have support in affirmative facts as distinguished from mere legal conclusions.

■ (3) The order is subject to the construction—we doubt that it could be given any other construction—that, when the case is called for trial, the City of Beaumont cannot put in issue its right to claim taxes on a valuation in excess of $12,000.

■ Appellees secured by the temporary writ all the relief they could recover on final judgment on a trial on the merits. By pleading controlling facts, and by sustaining the allegations with proof, appellees may recover a final judgment, on well established legal principles, enjoining the City of Beaumont from assessing their property for taxes at a value in excess of $12,000, but they can have that relief only by final judgment.

■ (5) As grounds for reversal, appellant presents the point that appellees did not allege that the City of Beaumont is a municipal corporation, duly incorporated. This point also challenges the sufficiency of the petition to support a final judgment. We do not discuss this point because appellees can amend their petition and meet fully appellant's exceptions.

The judgment of the lower court is reversed and the temporary injunction dissolved.